IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITIZENS BANK, successor in interest by merger to REPUBLIC BANK, f/k/a REPUBLIC SAVINGS BANK<br>328 Saginaw Street<br>Flint, Michigan, 48502 | ) ) ) ) ) ) | CASE NO. 2:10-CV-255<br><br>JUDGE<br><br>**COMPLAINT FOR FORECLOSURE AND OTHER RELIEF** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WAGGONER ARC, LLC<br>c/o Olr Biz Agency, Inc., statutory agent<br>266 North Fourth Street, Suite 100<br>Columbus, Ohio 43215 | ) ) ) ) ) | |
| and | ) ) | |
| FRANKLIN COUNTY TREASURER<br>c/o Edward Leonard, Treasurer<br>373 S. High Street, 17th Floor<br>Columbus, Ohio 43215 | ) ) ) ) ) | |
| and | ) ) | |
| LYNN A. GREER<br>1014 Saturn Court<br>Incline Village, NV 89451 | ) ) ) ) | |
| and | ) ) | |
| THE FAHEY BANKING COMPANY<br>c/o Carl F. Hughes, statutory agent<br>127 North Main Street<br>Marion, Ohio 43302 | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Citizens Bank, successor in interest by merger to Republic Bank, f/k/a Republic Savings Bank ("Plaintiff" or "Citizens"), for its Complaint, states as follows:

**Jurisdiction and Venue**

1. Jurisdiction is founded on 28 U.S.C. § 1332. The citizenship of the parties is diverse and the amount in controversy exceeds the jurisdictional requirement.

2. Plaintiff is a Michigan state-chartered member bank with its principal place of business in the State of Michigan, and is a subsidiary of Citizens Republic Bancorp, Inc., a Michigan corporation.

3. Upon information and belief, all of the defendants are limited liability companies or organizations, which are incorporated, organized, or registered under the laws of the State of Ohio or states other than Michigan, with their principal places of business in Ohio or states other than Michigan.

4. Venue is proper in the Southern District of Ohio, Eastern Division, as the real property which is the subject of this action is located in this district.

**FACTUAL BACKGROUND**
**(The Loan Documents)**

5. On August 21, 2007, defendant Waggoner Arc, LLC (the "Borrower") executed and delivered to Plaintiff a Commercial Term Note and Loan Covenant Addendum, in the principal amount of $3,800,000.00 (collectively, the "Note"). A true and accurate copy of the Note is attached hereto as **Exhibit "A."**

6. To secure the payment of the amounts due under the Note, the Borrower executed a certain Open-End Mortgage and Security Agreement on August 21, 2007.

7. The aforementioned mortgage was duly recorded and filed for record with the Franklin County Recorder on August 22, 2007, as Franklin County Recorder's Document No. 200708220148202 (the "Mortgage"). A true and accurate copy of the Mortgage is attached hereto as **Exhibit "B."**

8. The Mortgage covers certain property located in the City of Reynoldsburg, County of Franklin, and as more particularly described in said Mortgage (the "Property").

9. The Mortgage is a good, valid, and subsisting first mortgage lien upon the Property, subject only to the lien of the Franklin County Treasurer for taxes and assessments.

10. As further security for the payment of the amounts due under the Note, the Borrower executed a certain Assignment of Leases and Rents on August 21, 2007.

11. The aforementioned Assignment of Leases and Rents was duly recorded and filed for record with the Franklin County Recorder on August 22, 2007, as Franklin County Recorder's Document No. 200708220148203 (the "Assignment").  A true and accurate copy of the Assignment is attached hereto as **Exhibit "C."**

12. As further security for the payment of the amounts due under the Note, Plaintiff filed a certain UCC Financing Statement with the Franklin County Recorder on August 22, 2007, as Franklin County Recorder's Document No. 200708220148204 (the "UCC").  A true and accurate copy of the UCC is attached hereto as **Exhibit "D."**

13. As further security for the payment of the amounts due under the Note, the Borrower executed a certain Assignment of Licenses, Permits, Contracts and Warranties on August 21, 2007, a true and accurate copy of which is attached hereto as **Exhibit "E."**

14. As further security for the payment of the amounts due under the Note, the Borrower executed a certain Assignment of Dealer Sales Agreement on August 21, 2007, a true and accurate copy of which is attached hereto as **Exhibit "F."**

15. The Note, the Mortgage, the Assignment, the UCC, and each of the aforementioned agreements may be referred to collectively hereinafter as the "Loan Documents."

**(Title Report)**

16.     A copy of a Commitment for Title Insurance, with a Judicial Commitment Endorsement, dated March 11, 2010, is attached hereto as **Exhibit "G"** (the "Title Report").

17.     As shown in the Title Report, defendants Franklin County Treasurer, Lynn A. Greer, and The Fahey Banking Company may have or claim to have an interest in the Property.

**(Plaintiff's Affidavit)**

18.     A true and accurate copy of an affidavit in compliance with this Court's General Order No. 07-03 is attached hereto as **Exhibit "H"** (the "Affidavit"), the contents of which are hereby incorporated by this reference.

## COUNT I
### (The Note and the Judgment)

19.     Plaintiff herby incorporates by reference all of the allegations contained in paragraphs 1 through 18 of its Complaint as if fully set forth herein.

20.     Plaintiff is the owner and holder of the Note.  Affidavit ¶ 6.

21.     The Borrower has failed to pay in accordance with the terms of the Note and is, therefore, in default.

22.     By reason of the default in the terms of the Note and the Mortgage securing same, Plaintiff has declared the indebtedness evidenced thereby to be immediately due and owing.

23.     On March 12, 2010, the indebtedness evidenced by the Note was reduced to judgment in the Franklin County Court of Common Pleas, in a case captioned *Citizens Bank, Successor in Interest by Merger to Republic Bank, f/k/a Republic Savings Bank v. Waggoner ARC, LLC, et al.,* Case No. 10 CVH 03 3949.  A true and accurate certified copy of the Judgment Entry on Plaintiff's Complaint for Cognovit Judgment is attached as **Exhibit "1"** to the Affidavit (the "Judgment").

24. As of March 24, 2010, the amount due and owing on the Note and Judgment was $4,019,898.38, plus interest at a variable rate, per annum, equal to the One Month LIBOR Rate plus 7.25% on the principal balance of $3,796,885.18 from and after February 1, 2010, plus costs, reasonable attorneys' fees, and such other sums advanced by Plaintiff pursuant to the Loan Documents for the protection of the Property.  Affidavit ¶¶ 3-4.

## COUNT II
### (Foreclosure)

25. Plaintiff herby incorporates by reference all of the allegations contained in paragraphs 1 through 24 of its Complaint as if fully set forth herein.

26. Plaintiff is the owner and holder of the Mortgage.  Affidavit ¶ 6.

27. The terms and conditions of the Mortgage have been broken, the Mortgage has become absolute, and Plaintiff is entitled to have the Mortgage foreclosed.

28. Pursuant to the covenants and conditions of the Loan Documents, Plaintiff may, from time to time, prior to or during the pendency of this action, advance funds to pay real estate taxes, purchase insurance, or otherwise protect the Property, all of which sums are due and owing by the Borrower and secured by the Mortgage.

**WHEREFORE**, Plaintiff demands judgment in its favor and against the defendants, as follows:

A. <u>On Count I</u>:  that there be found due and owing to Plaintiff by Defendant, on the Note and Judgment, the sum of $4,019,898.38, plus interest at a variable rate, per annum, equal to the One Month LIBOR Rate plus 7.25% on the principal balance of $3,796,885.18 from and after February 1, 2010, plus costs, reasonable attorneys' fees, and such other sums advanced by the Plaintiff pursuant to the Loan Documents for the protection of the Property;

B.  <u>On Count II</u>:

    a. that the Mortgage be declared to be a valid and subsisting first and best lien upon the Property, subject only to the lien of the Franklin County Treasurer for taxes and assessments;

    b. that the Mortgage be foreclosed;

    c. that the defendants be required to set up their interests, if any, in the Property, or be forever barred from asserting the same;

    d. that all liens upon the Property be marshaled, and priorities determined according to law;

    e. that the equity of redemption of the Borrower be foreclosed and the Property be sold under order of this Court;

    f. that the proceeds of such sale, subject to the lien of the Franklin County Treasurer for taxes and assessments, be applied first to the payment of all sums then due Plaintiff, and the balance in payment of the remaining liens upon the Property in their proper order of priority;

    g. for costs, including reasonable attorneys' fees; and

    h. for such other and further relief as may be just and equitable.

                              Respectfully submitted,

                              s/ Stephen D. Dodd
                              Stephen D. Dodd (0072658)
                              MEYERS, ROMAN, FRIEDBERG & LEWIS
                              28601 Chagrin Boulevard, Suite 500
                              Cleveland, Ohio 44122
                              Phone: (216) 831-0042
                              Fax:    (216) 831-0542
                              Email: sdodd@meyersroman.com
                              *Attorneys for Plaintiff Citizens Bank*