# ASSIGNMENT OF LICENSES, PERMITS, CONTRACTS AND WARRANTIES

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, **WAGGONER ARC, LLC**, an Ohio limited liability company (the "Assignor"), as additional security for the obligations incurred and to be incurred and for performance and discharge of the obligations, covenants and agreements under the Loan Documents as they may be amended, modified or substituted and pursuant to a Loan Agreement or Loan Covenant Addendum, dated of even date herewith, among Assignor and **CITIZENS BANK** ("Bank") and all amendments, modifications and substitutions thereto (collectively, the "Loan Agreement"), hereby collaterally assigns and transfers to Bank ("Assignee"), its successors and assigns, all the licenses, permits, certificates of occupancy and similar documents or instruments (collectively, the "Permits") now and hereafter held by or issued to Assignor, all service contracts and other agreements (collectively, the "Contracts"), and all warranties and guarantees (collectively, the "Warranties") in connection with the occupancy or operation of the Premises (as defined in the Loan Agreement) and all benefits thereunder, such assignment to be effective immediately at the election of Bank, without notice, upon an Event of Default under the Loan Agreement or any of the Loan Documents, as defined in the Loan Agreement, and subject to the following terms and conditions:

1. Assignor represents and warrants to Bank that its interest in all Permits, Contracts and Warranties issued as of the date hereof is not subject to any claim, lien or encumbrance of any nature, and that the Permits, Contracts and Warranties have not been amended or modified and are in full force and effect and free from default.

2. Assignor agrees to maintain all Permits, Contracts and Warranties in good standing and full force and effect while the Loan or any portion of the Loan (as described in the Loan Agreement) remains outstanding and unpaid. Assignor will comply with all applicable federal, state and local laws, ordinances, regulations, rules, guidelines and orders. Assignor agrees to maintain Contracts and Warranties consistent with reasonable commercial practices.

3. Neither this Assignment nor any action or actions on the part of Bank shall constitute an assumption of any obligations of Assignor on the part of Bank under the Permits, Contracts and Warranties, and Assignor shall continue to be liable for all obligations thereunder, Assignor hereby agreeing to perform each and all of its obligations under the Permits, Contracts and Warranties. Assignor agrees to protect, defend, indemnify and hold Bank free and harmless from and against any loss, cost, liability or expense (including, but not limited to, reasonable attorneys' fees) resulting from any failure of Assignor to so perform. Assignor agrees not to modify or amend the Permits, Contracts and Warranties, or permit them to lapse or expire (except in the ordinary course of business and if no longer needed for the Project) without the prior written consent of Bank. Assignor may replace, subject to Bank's prior consent, which will not be unreasonably withheld or delayed, Contracts and Warranties with reasonable alternative arrangements. Each such alternative arrangement shall be assignable.

4. Bank shall, upon any Event of Default under the Loan Documents, in addition to all other rights of Bank under the Loan Documents and under Ohio law, have the right (but shall have

no obligation) to take (in its name, in the name of Assignors, or otherwise) such action as Bank may at any time or from time to time determine to be necessary to cure any default by Assignor under the Permits, Contracts and Warranties or to protect the rights of Assignor or Bank thereunder.

5.  After the occurrence of an Event of Default under any of the Loan Documents, Bank may, at its option, without notice and without regard to the adequacy of security for indebtedness hereby secured, with or without bringing any action or proceeding, either in person, by agent, or by a receiver to be appointed by a court, at any time hereafter, enforce its own benefit under the Permits, Contracts and Warranties or any of them. Assignor consents to the appointment of a receiver. The exercise of any rights under this Agreement shall not be deemed to cure or waive any default or Event of Default under the Loan Documents executed in connection herewith or to waive, modify or affect any notice of default or Event of Default under the Loan Documents executed in connection herewith, or to invalidate any act done pursuant to such notice. Bank shall incur no liability and such liability is waived and released by Assignor if any action taken by Bank or on its behalf in order to cure any default or Event of Default under the Permits, Contracts and Warranties or to protect the rights of Assignor or Bank thereunder shall prove to be in whole or in part inadequate or invalid and Assignor agrees to protect, defend, indemnify and hold Bank free and harmless from and against any loss, cost, liability or expense (including, but not limited to, reasonable attorneys' fees) incurred in connection with any such action or actions.

6.  Assignor hereby irrevocably, coupled with an interest, constitutes and appoints Bank its true and lawful attorney in Assignor's name or in Bank's name or otherwise to enforce all rights of Assignor under the Permits, Contracts and Warranties following an Event of Default.

7.  All capitalized terms not defined in this Agreement have the same definition as set forth in the Loan Agreement.

8.  All notices, demands or documents which are required or permitted to be given or served under this Agreement are to be given as set forth in the Loan Agreement.

9.  This Assignment is governed and construed in accordance with the laws of the State of Ohio.

10. This Assignment is assignable by Bank to any assignee of Bank, and all representations, warranties, covenants, powers and rights in this Assignment are binding upon and shall inure to the benefit of Assignor and Bank and their respective legal representatives, successors and assigns.

11. If any provision or portion of this Assignment is found by a court of law to be in violation of any applicable law, public policy, official's decision and if such court should declare such provision or portion of this Assignment to be illegal, invalid, unlawful, void or unenforceable as written, then it is the intent of both Assignor and Bank that such provision or portion shall be given force to the fullest possible extent, that the remainder of this Agreement shall be construed as if the illegal, invalid, unlawful, void or unenforceable provision or portion of this Assignment were not contained herein, and that the rights, obligations and interests of Assignor and Bank under the remainder of the Assignment are to continue in full force and effect.

12. It is intended by the parties that no contractor of Assignor benefit from the rights, duties, responsibilities and indemnities in the foregoing Assignment and that such contractors shall not be third party beneficiaries hereunder.

Dated as of this ____ day of August, 2007.

"Assignor"

WAGGONER ARC, LLC,
an Ohio limited liability company

By: _____
Name: Jason Gunsorek
Title: Managing Member

STATE OF OHIO

COUNTY OF FRANKLIN

BEFORE ME, a Notary Public in and for said County and State, appeared Jason Gunsorek, the Managing Member of Waggoner ARC, LLC, an Ohio limited liability company, who acknowledged that he executed the foregoing instrument in such capacity and the same was his free act and deed in such capacity and the free act and deed of the limited liability company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at Columbus, Ohio, this ____ day of August, 2007.

_____
Notary Public
My Commission Expires: _____

Sandy Lehman
Notary Public, State of Ohio
My Commission Expires 05-03-2008

EXHIBIT "A"

Situated in the State of Ohio, County of Franklin, City of Columbus, Township of Jefferson, Range 16, Township 1, Section 4, and being parts of Lots 7 and 14 of the United States Military Lands and being 3.000 acres of land out of an original 100.030 acre tract of land as described in a deed to River Bend homes, of record in Official Records Volume 24995, page 105 (all deed references refer to the records of the Recorder's Office, Franklin County, Ohio) and being described as follows:

Beginning at a Franklin County Monument Box at the centerline intersection of Waggoner Road with Kennedy Road at the Southwesterly corner of said original 100.030 acre tract;

Thence north 05 degrees 50 minutes 37 seconds East, with the centerline of said Waggoner Road, a distance of 361.60 feet to a P.K. nail set at a point:

thence crossing said original 100.030 acre tract with a new division line, the following two courses:

1) South 84 degrees 23 minutes 00 seconds East, a distance of 361.09 feet to an iron pin set:

2) South 05 degrees 45 minutes 48 seconds West a distance of 361.60 feet to a P.K. nail set in the center line of said Kennedy Road (40 feet wide);

Thence north 84 degrees 23 minutes 00 seconds West with the centerline of said Kennedy Road, a distance of 361.60 feet to the point of beginning and containing 3.000 acres of land, more or less.

This description was prepares by Civil Engineering Associates, Inc. Columbus, Ohio, from an actual field survey in June, 1991. The basis of bearings is North 05 degrees 50 minutes 37 seconds East for the centerline of Waggoner Road and all other bearings calculated from this meridian.

**Parcel No: 515-223504-00**
**Property Address: 1040 North Waggoner Road**
  **Reynoldsburg Ohio 43068**

EXCEPTING THEREFROM:

## RIGHT-OF-WAY DEDICATION

Situated in the State of Ohio, County of Franklin, City of Columbus, Township of Jefferson, Quarter Township 4, Township 1, Range 16, United States Military Lands and being a part of a part of a 3.000 acre tract conveyed to Waggoner Arc, LLC in Instrument No. 200604100066360 Parcel Number 515-223504-00 as recorded in the Franklin County Recorder's Office and being described as follows:

Beginning at a Franklin County Monument FCGS 0017 at the centerline intersections of Waggoner Road with Kennedy Road;

Thence North 03°49'01" East a distance of 361.60 feet to a PK nail set at the northwest corner of said 3.000 tract;

Thence leaving the centerline of Waggoner Road South 86°24'36" East a total distance of 50.00 feet to an iron pin set at the southwest corner of Lot 326 of the Waggoner Trace Section 1 Subdivision as recorded in Plat Book 98, Pg 3 of the Franklin County Recorder's Office;

Thence parallel with the centerline of Waggoner Road South 03°49'01" West a distance of 311.59 feet to an iron pin set;

Thence parallel with the centerline of Kennedy Road South 86°24'36" East a distance of 311.53 feet to an iron pin set on the west line of Lot 317 of the Waggoner Trace Section 1 Subdivision as recorded in Plat Book 98, Pg 3 of the Franklin County Recorder's Office;

Thence South 03°44'12" West along the west line of said Waggoner Trace Section 1 Subdivision a total distance of 50.00 feet to a PK nail found in the centerline of Kennedy Road and passing a ¾" bent iron pipe found at 10.00 feet at the southwest corner of said Lot 317;

Thence along the centerline of Kennedy Road North 86°24'36" West a distance of 361.60 feet to the Point of Beginning containing 0.773 acres, and subject to all easements of record. This document prepared from a field survey performed April 2006 and February 2007 and from records on file in the Recorder's office, Franklin County, Ohio.

All iron pins set are ¾" pipe, 30" in length, with plastic caps stamped "Sands Decker."

Basis of bearings determined by traverse between Franklin County Monuments FCGS # 00177 and Franklin County Monument FCGS #0027 and is based on the NAD83 Ohio State Plane Coordinate System, South Zone, and determines the centerline of Waggoner Road to be North 03°49'01" East.

_Edmund E. Beal_   3/06/07

O-40-C
split
0.773 Acres
out of
(515)
223504

DESCRIPTION VERIFIED
Dean C. Ringle, P.E. P.S.
BY:
DATE: 10/10/07